IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01052–RBJ–KMT

JUANITA ANGELA WHITAKER,

    Plaintiff,

v.

SILVER KEY BOARD OF DIRECTORS, and
SILVER KEY SENIOR SERVICES,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion to Request Appointment of Counsel," (Doc. No. 31), filed on December 5, 2019, as well as the "Motion by Plaintiff Requesting that the Proposed Scheduling Order Slated to be Submitted on February 17, 2010 and the Subsequent Scheduling and Planning Conference Dated for February 24, 2020 be Postponed," (Doc. No. 47), filed on February 13, 2020. No response has been filed to either motion. After carefully considered both motions and related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

    The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v.*

*Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present h[er] claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to h[er] claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff, a non-prisoner individual proceeding *in forma pauperis*, lodges one claim under the Americans with Disabilities Act ["ADA"], 42 U.S.C. § 12101, *et seq.* (Doc. No. 11 at 2; *see*

*Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present h[er] claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). "The burden is on the applicant to convince the court that there is sufficient merit to h[er] claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means. D.C.COLO.LAttyR 15(e). In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f)(1)(B).

Plaintiff, a non-prisoner individual proceeding *in forma pauperis*, lodges one claim under the Americans with Disabilities Act ["ADA"], 42 U.S.C. § 12101, *et seq.* (Doc. No. 11 at 2; *see*

Doc. No. 4.) Plaintiff alleges, specifically, that Defendants unlawfully discriminated against her, based on a perceived mental illness, by failing to hire her for an employment position. (Doc. No. 11 at 4-8.) The ADA claim is neither novel, nor overly complex, and Plaintiff has relayed the substance of her claim effectively thus far.

In support of her request for the appointment of counsel, Plaintiff states that her "legal expertise is not without limits." (Doc. No. 31 at 1.) Plaintiff contends that, in the absence of appointed counsel, she will be "placed at a disadvantage" and her case "will suffer." (*Id.*) However, Plaintiff does not address the nature and complexity of the action, the potential merit of her claim, or any efforts she has undertaken to retain an attorney by other means. *See* D.C.COLO.LAttyR 15(f)(1)(B). In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel. On balance, the court does not find the appointment of counsel to be warranted.

In her most recent motion, in which she seeks to postpone the February 24, 2020 Scheduling Conference, Plaintiff states that she has since conferred with a local attorney regarding representation. (Doc. No. 47 at 1.) Curiously, Plaintiff reports that the attorney refused to take her case, on the basis that she "will probably lose," because her claim "does not have merit," and "does not meet certain standards." (*Id.*) Plaintiff states that, on February 5, 2020, she "began the process of securing legal advice and representation" from the Colorado Bar Association Federal Pro Se Clinic. (*Id.* at 2.) However, it is worth noting that that organization does not provide full representation to litigants. Rather, "[t]he Colorado Bar Association Federal Pro Se Clinic assists unrepresented litigants in the U.S. District Court for the District of Colorado. The clinic helps to prepare complaints and responsive pleadings, provides assistance

with other common pleadings, answers procedural questions, and explains legal concepts such as jurisdiction, venue, and service of process." Colorado Federal Pro Se Assistance Program (February 19, 2020), https://www.cobar.org/cofederalproseclinic#about.  Plaintiff is, therefore, advised to proceed with caution.

Accordingly, it is

**ORDERED** that the "Motion to Request Appointment of Counsel" (Doc. No. 31) is **DENIED**.  It is further **ORDERED** that the "Motion by Plaintiff Requesting that the Proposed Scheduling Order Slated to be Submitted on February 17, 2010 and the Subsequent Scheduling and Planning Conference Dated for February 24, 2020 be Postponed" (Doc. No. 47) is **DENIED**. The Scheduling Conference **REMAINS SET** for February 24, 2020.

This 19th day of February, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge