IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01052–RBJ–KMT

JUANITA ANGELA WHITAKER,

      Plaintiff,

v.

SILVER KEY BOARD OF DIRECTORS, and
SILVER KEY SENIOR SERVICES,

      Defendants.

---

## ORDER

---

    This matter is before the court on Plaintiff's "Motion Requesting the Court to Restrict

Motion [54] file by Defense Counsel on 3/30/2020," which was filed on April 15, 2020.

[("Motion"), Doc. No. 62.]  Defendants have responded in opposition to the Motion.

[("Response"), Doc. No. 66.]

    *Pro Se* Plaintiff Juanita Angela Whitaker[1] seeks restriction of Defendants' "Motion to

Request the Court Issue an Order for Plaintiff to Provide Medical Records," which was filed on

March 30, 2020, because it contains multiple references to a medical condition, which Ms.

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] h[er] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Whitaker claims to have been diagnosed with, and which she disclosed to the court and defense counsel at a hearing on February 24, 2020.  [Mot. 1-2; *see* ("Defendants' Motion"), Doc. No. 54 at ¶¶ 2-3, 7; Courtroom Minutes, Doc. No. 50.]  Ms. Whitaker prefers that this condition not be shared with the public at large.  [Mot. 1-2.]  The court notes that Plaintiff did not share this information as evidence to support her substantive case, but rather, in support of her previously denied requests for the appointment of counsel.  In other words, although Plaintiff's case does contain elements of disability discrimination, the condition from which she now claims to suffer, and which she believes to be relevant to her request for a *pro bono* attorney, is not a part of her claim against either Defendant.  The condition, therefore, affects only Plaintiff's ability or inability to represent herself in this matter.

This court previously advised Plaintiff, that if she was willing to provide a physician's certification of her diagnosis, the court would reconsider the issue of the appointment of *pro bono* counsel, assuming an available attorney was willing to undertake the case.  To date, however, there has been no such submission of medical documentation by Plaintiff.  The case, therefore, continues unabated, with Plaintiff representing herself and utilizing the services of the Colorado Federal Pro Se Clinic.

When Plaintiff recently asked Defendants' counsel to file a motion for a protective order on her behalf—which Defendants' counsel was understandably loathe to do—the court instructed Plaintiff on the appropriate way to file a restricted document, pursuant to this District's Local Rules.  [Doc. No. 56 at 2-4.]  Plaintiff then filed the present Motion.

Defendants object to their "Motion to Request the Court Issue an Order for Plaintiff to Provide Medical Records" being shielded from public purview, primarily on the grounds that

Plaintiff has yet to submit any proof that she suffers from her claimed medical condition. [Resp. 2-3.] The cyclical nature of this argument is readily apparent.

This court set forth the requirements of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil concerning the restriction of documents in its April 3, 2020 order, and will not again repeat the same here. [*See* Doc. No. 56 at 2-4.] "Courts have long recognized a common-law right of access to judicial records[,]" but this right "is not absolute." *United States v. Bacon*, 950 F.3d 1286, 1292-93 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). The reason for the presumption of open access to court proceedings is easily understood. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 509 (1984). "The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 636 (D. Colo. 2010) (citing *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).

The presumption in favor of access to judicial records may be overcome, however, where "countervailing interests heavily outweigh the public interests in access." *Bacon*, 950 F.3d at 1293 (quoting *Colony Ins.*, 698 F.3d at 1241). The burden is on the party seeking to restrict access to show "some significant interest that outweighs the presumption." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). "[T]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that

'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *United States v. Walker*, 761 F. App'x 822, 835 (10th Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  In any event, a denial of public access to the record must be narrowly tailored to serve the interest being protected by sealing or restricting access to the records.  *Id.* (quoting *Press-Enter. Co.*, 478 U.S. at 13–14).

Every court has supervisory power over its own records and files, and access has been denied where court files might have "become a vehicle for improper purposes."  *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)).  The United States Supreme Court has likewise set forth instances, in which "the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal[.]"  *Nixon*, 435 U.S. at 598 (citations and alterations omitted).  In addition, "courts have refused to permit their files to serve as reservoirs of libelous statements[.]"  *Id.*

Here, there are four instances in Defendants' "Motion to Request the Court Issue an Order for Plaintiff to Provide Medical Records," in which Plaintiff's alleged medical condition is identified, by name.  [*See* Defs.' Mot. 1-2 ¶¶ 2-3, 7-8.]  The court finds that, given the nature of this case, Plaintiff's argument, that she has some disabling conditions about which Defendants, Defendants' counsel, and the court were not aware, and which would impede her ability to represent herself, is not privileged or highly-personal, so long as the condition(s) remains non-specified.  However, the exact nature of that medical condition, and how it might affect anyone and everyone who is close to Plaintiff, is particularly personal information, and is of a kind that courts usually do protect.  The court finds that Plaintiff's interests in not widely disclosing her

condition, given its nature, heavily outweighs the public's interest in access to information that is not relevant to the merits of the case.  However, restricting the whole document is not the most narrowly tailored remedy.

Therefore, it is

**ORDERED** that Plaintiff's "Motion Requesting the Court to Restrict Motion [54] filed by Defense Counsel on 3/30/2020" [Doc. No. 62] is **GRANTED, in part, and DENIED, in part.**  It is further

**ORDERED** that the "Motion to Request the Court Issue an Order for Plaintiff to Provide Medical Records" [Doc. No. 54], as it is currently filed, shall be **RESTRICTED** at Level 1 and held under restriction until further order of the court.  It is further

**ORDERED** that, on or before **April 30, 2020**, Defendants shall file a revised "Motion to Request the Court Issue an Order for Plaintiff to Provide Medical Records" which redacts, by large black mark-out, the following: in ¶ 2, line 2 beginning after the phrase "suffers from" and redacts the full remainder of that sentence up to the period in line 3; in ¶ 3, redacts the last word of the sentence which follows "suffers from"; in ¶ 7, line 3 redacts the word which follows "suffers from" and in line 4, redacts the first two words (those words follow the phrase "Plaintiff's alleged"); and, in ¶ 8, line 3 redacts the word following "suffers from."

The Clerk of Court is directed to substitute the revised "Motion to Request the Court Issue an Order for Plaintiff to Provide Medical Records" with redactions filed in accordance with

this Order for the now restricted Doc. No. 54, and this document will appear on the public docket unrestricted.

Dated April 28, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge