IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-01052-RBJ-KMT

JUANITA ANGELA WHITAKER

    Plaintiffs,

v.

SILVER KEY SENIOR SERVICES and
SILVER KEY BOARD OF DIRECTORS,

    Defendants.

---

## ORDER of DISMISSAL WITHOUT PREJUDICE

---

Defendant moves for summary judgment. Plaintiff has not responded. For the reasons set forth in this order, the Court declines to grant summary judgment but dismisses this case without prejudice for failure to prosecute.

## BACKGROUND

Dr. Juanita Angela Whitaker applied for a volunteer position with Silver Key Senior Services in Colorado Springs in February 2019. She was interviewed by Barbara King, Silver Key's Volunteer Program Manager, but she was not offered the position (or a paid position). She alleges that Ms. King told her that she had looked Dr. Whitaker up on Google and had discovered that she had been charged with murder. As I noted in a previous order, in December 1988 then-Ms. Whitaker, who was residing in a battered woman shelter in Denver, shot and killed a shelter worker and wounded two other individuals. She was found not guilty of murder by reason of insanity.

In the years since then, many of which were spent in a mental health facility, Dr. Whitaker has done much to turn her life around. She earned two bachelor's degrees, three master's degrees, and a PhD. online in Human Services. *See* ECF No. 67 at 2 (neuropsychological evaluation). However, as she confided to Ms. King, she has applied for something like 45 positions since receiving her PhD., but no one will hire her. Understandably, that has left her frustrated and angry.

Dr. Whitaker filed a complaint with the Equal Employment Opportunity Commission alleging disability discrimination. The EEOC determined that it lacked jurisdiction but issued a "right to sue letter." ECF No. 1 at 10. Representing herself pro se, she filed the present case on June 3, 2019, alleging violations of the Americans with Disabilities Act by Silver Key, Ms. Barbara King and Jason Deabueno. ECF No. 1. She estimated her damages at between $1.5 and $2 million. *Id.* at 8. In an Amended Complaint she estimated damages between $100,000 and $150,000 per year for up to 20 years. ECF No. 11 at 9. Her individual claims against Mr. King and Mr. Deabueno have since been dismissed.

Representing oneself if a lawsuit is not easy by any means. Courts treat the pleadings of pro se litigants liberally, and even more importantly, they must be helpful and patient without crossing line into becoming advocates for the pro se party. This Court has tried to do so, and it is my impression that defense counsel has as well. However, Dr. Whitaker's manner of prosecution of the case has been characterized by two unfortunate tendencies: she has reacted angrily towards anyone who disagrees that she is entitled to obtain a substantial settlement or judgment; and she has failed to shoulder her basic responsibilities in terms of responding to discovery and to her responsibilities under the procedural rules.

For example, early in the case, at the joint request of the parties, the Court referred this case to a mediator for a settlement conference. The mediation was conducted free of charge on

2

August 28, 2020 by retired Denver District Court Judge (and now professional mediator) Ann Frick, volunteering her time as a member of the Court's Pro Bono Mediation Panel. The mediation was something of a disaster. It was later reported to the Court (although it should not have been) that the defendant made a cash offer that the mediator considered to be reasonable and urged Dr. Whitaker to accept. However, she took offense at the amount of the offer and the style of the mediator and abruptly left the mediation. Thereafter Dr. Whitaker called the mediator's personal telephone and threatened to file a grievance against her, and she also told defense counsel that she would expose them through a full page media advertisement. In an order issued on September 18, 2020, I declined defendant's request to impose sanctions but noted that the court "is disturbed by the plaintiff's conduct and expects that it will not be repeated." *Id.* at 1.

Defense counsel attempted to take Dr. Whitaker's deposition on October 28, 2020. However, she walked out 20 minutes after the deposition began, apparently dissatisfied with the questions. On November 9, 2020 during a hearing on the deposition problem and other discovery issues, the Court required that she appear for a "second deposition," to be taken remotely because Dr. Whitaker had relocated from Colorado Springs to Virginia. *See* ECF No 104 (transcript).[1]

The second segment of Dr. Whitaker's deposition was taken under court order on December 3, 2020. At that time Dr. Whitaker confirmed her current address in Norfolk,

---

[1] Shortly thereafter Dr. Whitaker filed a motion for the Court to recuse itself because it had been demeaning and had admonished her instead of sanctioning defense counsel for treating her in a derogatory manner. . ECF No. 105. She informed the Court that she had filed complaints against the two defense lawyers with the Office of Attorney Regulation Counsel. *Id.* I have reviewed deposition transcripts, conducted two discovery dispute hearings, and, of course, have reviewed the parties' written filings; but I have observed no conduct of defense counsel that has been rude, discourteous or in any manner unethical. Nor has the Court treated her disrespectfully.

3

Virginia, but she stated that she was vacationing in Paris, France. That deposition, like the first one, was not completed. Dr. Whitaker refused to answer a number of questions, inexplicably insisted that she could not recall information about her own claims, and gave obviously false answers to other questions. Instead, she repeatedly stated that "the truth will be determined" at trial. *See* ECF No. 100 (transcript).

Following that deposition defendants moved for dismissal of the case as a sanction. ECF No. 110. Dr. Whitaker did not respond. On January 6, 2021 defendants filed a motion for summary judgment. ECF No. 112. Dr. Whitaker did not respond.

I issued two minute orders on February 8, 2021. First, I declined to dismiss the case as a sanction for Dr. Whitaker's conduct during the second session of her deposition. ECF No. 116. However, I ordered Dr. Whitaker to reimburse defendants for the reasonable attorney's fees billed for the work of one defense lawyer in preparing for and taking that deposition. ECF No. 116. I authorized the defendants to schedule a "third" deposition, to be taken in the courthouse so that the Court would be immediately available to respond to further disputes or claims of misconduct. *Id.*

Second, I noted that she had filed no response to either the motion to dismiss or the motion for summary judgment, even though she had been served with the motion to dismiss at her Virginia address, and she had been served with the motion for summary judgment at both her Colorado Springs and her Norfolk, Virginia addresses. ECF No. 117. I ordered Dr. Whitaker to show cause no later than February 22, 2021 as to why the case should not be dismissed for failure to prosecute. No response has been filed. The Court's mailings to her at the addresses she had provided were returned as undeliverable. *See* ECF No. 119.

On March 2, 2021 defendants filed a motion to vacate the trial date and all pending deadlines. ECF No. 120. In addition to the issues with the depositions (and written discovery),

4

defendants stated that Dr. Whitaker had "consistently refused to confer on issues." *Id.* at ▯3. The motion notes Dr. Whitaker's failure to respond to the motion to dismiss, the motion for summary judgment, and the Court's order to show cause. Notably, defendants state that because they were concerned that she would claim that she did not receive the Court's orders, counsel had emailed her and reminded her to keep the Court informed about changes in her contact information. Dr. Whitaker responded by email and indicted that she was aware of the motions, that she had until February 23, 2021 to respond to the show cause order (actually February 22), and that her response would be in the mail by Monday. *See* ECF No. 120-1. However, nothing has been filed.

The parties proposed jury instructions were due one week before the Trial Preparation Conference. *See* ECF No. 52. The Trial Preparation Conference is scheduled for March 12, 2021. *Id.* Therefore, the proposed jury instructions were due on March 5, 2021. Defendant submitted their proposed instructions by email to Chambers with a copy by email to Dr. Whitaker. They indicated that they had not received a response from Dr. Whitaker indicating which proposed instructions she objected to or agreed with. The Court has not received proposed instructions from Dr. Whitaker. The case is set for a three-day jury trial commencing April 5, 2021.

## DISCUSSION

As I have said, I can understand the frustration, despair, and anger that Dr. Whitaker has likely experienced as she has been rejected by prospective employers time and again despite her accomplishments since the 1988 shooting incident. And, I appreciate how difficult it is for an unrepresented party to prosecute a discrimination case in federal court against defendants who are represented by experienced employment counsel. However, Dr. Whitaker's manner of proceeding has consistently fallen short of even the minimal responsibilities of responding to

5

discovery, responding to motions, and responding to court orders, despite multiple second and third chances. It is not fair to the defendants to expect that to continue perhaps up to and through a trial, if indeed the plaintiff will even be ready for a trial which is less than a month away.

I conclude that, for whatever reasons, Dr. Whitaker has not prosecuted her case in a reasonable manner. She has not shown cause why it should not be dismissed without cause for failure to prosecute. Solely in deference to her pro se status, the Court will not address the issues in the pending motion for summary judgment or dismiss the case with prejudice. But the Court is unwilling to permit this case with this history to continue.

## ORDER

The Trial Preparation Conference set March 12, 2021 and the Trial set April 5, 2021 are vacated. ECF Nos. 112 and 120 are denied as moot. This civil action and all claims therein are dismissed without prejudice for failure to prosecute. As the prevailing party, defendants are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. Defendants may also submit their claim for the attorney's fees as awarded by the Court at ECF No. 116.

DATED this 8th day of March, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge